IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00214-MR-WCM

| | |
|---|---|
| **ANDRE DAVID WILLIAMS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **TODD E. ISHEE, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.    BACKGROUND**

The pro se Plaintiff, a prisoner in the North Carolina Department of Adult Corrections (NCDAC),[1] filed the instant action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Marion Correctional Institution, where he is still incarcerated.

---

[1] The Plaintiff is serving a 10-year sentence for assault with a deadly weapon with intent to kill or seriously injure (principal) and possession of a firearm by a felon (principal). See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0949841&searchLastName=williams&searchFirstName=andre&searchMiddleName=d&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Oct. 24, 2023); Fed. R. Evid. 201.

He names as Defendants in their individual and official capacities: Todd E. Ishee, the secretary of the Department of Adult Corrections; Ben Carver, the Marion CI warden; and Keven R. Chung, "Medical Staff" at Marion CI. [Doc. 1 at 2-3]. The Plaintiff alleges that, on February 28, 2023, while in the medical room in full restraints, he was "violently choked" by Defendant Chung, and that Officers Reel and Smith were present during this assault. [Doc. 1 at 5]. For injury, the Plaintiff claims to have suffered "welps on neck, neck pain, pain swallowing redness of neck area." [Id.] (errors uncorrected). He seeks a declaratory judgment, preliminary and permanent injunctive relief, compensatory and punitive damages, costs, a jury trial, and any additional relief that the Court deems just, proper, and equitable. [Id. at 14].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails

2

to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.   DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the

3

Federal Rules of Civil Procedure. [See, e.g., Doc. 1 at 5 (referring to Officers Reel and Smith)]; see Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). The allegations directed at individuals not named as Defendants are dismissed without prejudice.

The Plaintiff purports to sue the Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the Plaintiff's

claims against Defendants in their official capacities for damages do not survive initial review and will be dismissed.

The Plaintiff names as Defendants Secretary Ishee and Warden Carver. To establish liability under 42 U.S.C. § 1983, a plaintiff must show that these defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A supervisor can only be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

The Plaintiff claims that Defendant Ishee "is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Marion Correctional Institution;" and that Defendant Carver "is legally responsible for the operation of Marion Correctional Institution and for the welfare of all inmates in that prison." [Doc. 1 at 13]. The Plaintiff alleges
5

no personal participation by these Defendants, nor does he state any facts to plausibly allege supervisory liability. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Instead, the Plaintiff's claim appears to rely on a theory of respondeat superior which, as discussed *supra*, cannot support a § 1983 claim. See Monell, 436 U.S. at 694. The claims against Defendants Ishee and Carver are, therefore, dismissed.

The Plaintiff claims that Defendant Chung used excessive force against him. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must

6

consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21. Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

Taking the Plaintiff's allegations as true for the purposes of initial review and drawing all reasonable inferences in his favor, the Plaintiff's Eighth Amendment claim against Defendant Chung is not clearly frivolous.

The Plaintiff's Complaint includes a request for preliminary injunctive relief, *i.e.*, an injunction "ordering the Defendants … to stop providing [him] medical attention from this particular physician." [Doc. 1 at 14]. Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must

7

consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter, 555 U.S. at 20. The Plaintiff has not established any of the elements that would warrant preliminary injunctive relief. Therefore, his request for preliminary injunctive relief is denied.

## IV. CONCLUSION

The Complaint passes initial review against Defendant Chung for the use of excessive force. The claims against the Defendants in their official capacities for damages are dismissed with prejudice, and the remaining claims are dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] passes initial review against Defendant Chung for the use of excessive force.

2. The claims against the Defendants for damages in their official capacities are **DISMISSED WITH PREJUDICE.**

3. The Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. **IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant **Kevin R. Chung**, who is alleged to be a current or former employee of the North Carolina Department of Public Safety.

The Clerk is respectfully instructed to mail the Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case. No. 3:19-mc-00060-FDW and a copy of this Order.

**IT IS SO ORDERED.**

Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge